# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**QUENTIN A. MITCHELL, # 95256-080**                                          **PETITIONER**

**VERSUS**                                              **CIVIL ACTION NO. 5:09-cv-191-DCB-MTP**

**BRUCE PEARSON**                                                              **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner Quentin A. Mitchell, an inmate confined at the Federal Correctional Complex at Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on November 12, 2009. Upon review of the court record, the court has reached the following conclusions.

## Background

The petitioner pleaded guilty to robbery and use of a firearm during a crime of violence in the United States District Court for the Western District of Texas on February 20, 2001. (U.S. v. Mitchell, No. 1:00-cr-30-JRN-1 (W.D. Texas, Feb. 20, 2001)). Further, on the same date, petitioner pleaded guilty to robbery and car jacking in the United States District Court for the Western District of Texas. (U.S. v. Mitchell, No. 1:00-cr-24-JRN-1 (W.D. Texas, Feb. 20, 2001)). Petitioner was sentenced to a total of 219 months in the custody of the Bureau of Prisons to be followed by five years supervised release. The petitioner's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in both cases were denied by the United States District Court for the Western District of Texas on September 1, 2005.

In the petition before this court, petitioner argues he is being illegally held due to an invalid indictment. Petitioner maintains that the sentencing court in case number 1:00-cr-30-

JRN-1 (W.D. Texas, Feb. 20, 2001), dismissed the first indictment he received and never indicted him for the superceding charges and therefore the respondent does not have the authority to hold him. Upon review of the docket in case number 1:00-cr-30-JRN-1 (W.D. Texas, Feb. 20, 2001), two counts against petitioner were dropped on motion by the government and two counts remained which petitioner pleaded guilty to. It appears that petitioner's contention is that *all* counts were dismissed and as a result he was convicted without an indictment.

Petitioner further argues that since he has served 85 percent of his sentence that he should be released immediately. Lastly, petitioner asserts that he has been denied the right to a speedy trial because his relief has been prolonged. Resp. [4], p. 4-5. As relief, petitioner requests his immediate release from incarceration.

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.[1] United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S.,106 F.3d 680, 683 (5th

---

[1] Petitioner has filed two previous petitions pursuant to 28 U.S.C. § 2241. The first petition was filed in the United States District Court for the Southern District of Texas and was denied on May 8, 2006. (Mitchell v. Driver, No. 2:05-cv-435 (S.D. Texas, May 8, 2006)). The second petition was filed in the United States District Court for the Eastern District of Texas and was denied on October 6, 2008. (Mitchell v. Martin, No. 1:08-cv-480-MAC-KFG (E.D. Texas, Oct. 6, 2008)).

Cir. 1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990).

In the instant case, the petitioner's allegations relate to the validity of his conviction and sentence. Petitioner claims that he is being held for crimes that he was never indicted for and therefore is being held illegally. Petitioner bases this assertion on the allegation that the first indictment he received was dismissed and he was never indicted on the charges that he actually pleaded guilty to. Clearly, these claims relate to alleged errors that occurred during or before sentencing and not to the manner in which his sentence is being executed. As such, this court does not have jurisdiction to address the constitutional issues presented by the petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

However, "§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).[2] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452. The Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement. See Reyes-Requena, 243 F.3d 893 (5th Cir. 2001). The Court held the savings

---

[2] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

3

clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may have been imprisoned for conduct which was not prohibited by law." Id. at 903.

Petitioner asserts that a § 2255 motion is an inadequate and ineffective remedy for the following reasons: the respondent is unlawfully holding petitioner on a charge that was dismissed and therefore there is no sentence or conviction to collaterally attack via § 2255, this would be a second or successive § 2255 motion, the issues raised in this action were never reviewed in previous § 2255 motions however the arguments asserted by petitioner were made in his pretrial motions and not addressed by the sentencing court and lastly that petitioner's plea waived his right to a motion pursuant to § 2255. Resp. [6], p. 1-4. It appears that petitioner states that the respondent is holding him illegally on dismissed charges in an attempt to meet the savings clause requirements of § 2255. In reality petitioner is claiming errors that occurred during or before sentencing. The court finds petitioner's attempt to manipulate his claims in order to meet the savings clause requirements unpersuasive.

To meet the first prong of the Reyes-Requena test, petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena, 243 F.3d at 904. The petitioner has failed to provide any support to satisfy this requirement. Thus, the petitioner has failed to meet

the first prong of the requirements of Reyes-Requena.

Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this court need not address the second prong of the test. Therefore, since the petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claims. Therefore, this § 2241 petition will be dismissed without prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed for this court's lack of jurisdiction with prejudice. See Pack v. Yusuff, 218 F.3d 448, 454-55 (5th Cir. 2000).

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the  22nd   day of January, 2010.

                                                s/David Bramlette
                                                  UNITED STATES DISTRICT JUDGE